1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   NANNETTE PIERCE, an indiviual, | CASE NO. 14-cv-157-H (BGS) |
| 12                          Plaintiff, | **ORDER GRANTING** |
| 13         vs. | **PLAINTIFF'S MOTION TO** **REMAND** |
| 14   KAISER FOUNDATION HOSPITALS, a corporation; THE PERMANENTE MEDICAL GROUP; a corporation; and DOES 1 through 20, | [Doc. No. 8.] |
| 15 | |
| 16 | |
| 17                          Defendants. | |

18

19         On January 23, 2014, Defendant Kaiser Foundation Hospitals ("Kaiser")

20   removed this action from the Superior Court of California, County of San Diego. (Doc.

21   No. 1.) On February 21, 2014, Plaintiff Nannette Pierce ("Plaintiff") filed a motion to

     remand the action to state court. (Doc. No. 8.) On February 26, 2014, Defendant The
22
     Permanente Medical Group ("TPMG") filed a notice of joinder to Kaiser's notice of
23
     removal. (Doc. No. 9.) On March 10, 2014, Defendants Kaiser and TPMG filed an
24
     opposition to Plaintiff's motion to remand. (Doc. No. 14.) On March 17, 2014, Plaintiff
25
     filed her reply. (Doc. No. 15.) On March 19, 2014, the Court, pursuant to its discretion
26
     under Local Rule 7.1(d)(1), submitted the motion on the parties papers. (Doc. No. 16.)
27
     The Court grants Plaintiff's motion to remand.
28

## Background

Plaintiff had been employed as hospice nurse by Defendants. (Doc. No. 1-2, "Compl." ¶¶ 6-9.) Subsequently, Defendants terminated Plaintiff's employment. (Compl. ¶¶ 10-32.) Plaintiff's complaint alleges that Defendants discriminated against her, in violation of state law, when they terminated her employment. (Compl. ¶¶ 33-66.)

On December 26, 2013, Plaintiff filed her complaint in the Superior Court of California, County of San Diego ("California state court") against Defendants. (Compl. at 2.) On December 27, 2013, Plaintiff effected service of process on Defendant Kaiser. (Doc. No. 1-3.) On January 12, 2014, Plaintiff effected service of process on Defendant TPMG. (Doc. No. 8-2 at 4-6.)

On January 23, 2014, Defendant Kaiser filed a notice of removal from the California state court, claiming that the Court has federal question jurisdiction under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). (Doc. No. 1 at 2.) In its notice of removal, Defendant Kaiser stated that it was "informed and believes that no other defendants have been served with the Summons and Complaint(s) in this action." (Doc. No. 1 at 4.)

On February 21, 2014, Plaintiff filed a motion to remand the case back to California state court on the grounds that Defendant Kaiser failed to comply with the procedural requirements of the removal statute. (Doc. No. 8.) On February 26, 2014, Defendant TPMG filed a notice of joinder to Defendant Kaiser's notice of removal. (Doc. No. 9.)

///
///
///
///
///
///

14cv157

## Discussion

**I.     Legal Standard for Remand**

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

A defendant must remove a case within thirty days of when it is served, if the initial pleading makes clear that the case is removable. 28 U.S.C. § 1446(b)(2)(B); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005). The burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

When fewer than all defendants join the notice of removal, the burden is on the removing defendant to explain the absence of the other served defendants. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other grounds by Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006); see also Lopez v. BNSF Ry. Co., 614 F. Supp. 2d 1084, 1087 (E.D. Cal. 2007). "If the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed . . . the court has discretion to prohibit such an amendment." Bicek v. C & S Wholesale Grocers, Inc., Case No. 2:13-CV-00411-MCE, 2013 WL 4009239, at *3 (E.D. Cal. Aug. 5, 2013) (quoting Hemphill v. Transfresh Corp., Case No. C-9-0899-VRW, 1998 WL 320840, at *4 (N.D. Cal. June 11, 1998)).

///
///
///
///
///
///

1  **II.    Plaintiff's Motion to Remand**

2       Plaintiff contends that Defendants failed to comply with the procedural

3  requirements of the removal statute by failing to obtain the consent of co-Defendant

4  TPMG to the removal within the thirty day time period provided by 28 U.S.C. §

5  1446(b).[1] (Doc. No. 8-1 at 3-6.) Defendants admit that TPMG's joinder to the notice

6  of removal was tardy, in that TPMG filed its notice of joinder forty-five days after

7  Plaintiff effected service on it. (Doc. No. 14 at 8.)

8       Defendants urge the Court to permit them to cure the defects in their removal by

9  amendment under 28 U.S.C. § 1653. (Doc. No. 14 at 8-9.) After reviewing the parties'

10 filings, the Court concludes that Defendants' confusion as to how the properly served

11 summons and complaint were handled by Defendants' own employees is not an

12 adequate justification for failure to comply with the procedural requirements of the

13 statute.[2]

## Conclusion

15      For the foregoing reasons, the Court grants Plaintiff's motion to remand the

16 action back to California state court. Because Defendants belief that the defects in the

17 removal could be cured via amendment was objectively reasonable, the Court denies

18 Plaintiff's request for an award of fees and costs.

19      **IT IS SO ORDERED**

20 Dated: March 19, 2014

21                                 Marilyn L. Huff, District Judge

22                                 UNITED STATES DISTRICT COURT

23 _____

24 [1]Plaintiff also points out that Defendant Kaiser cited to the wrong subsection of 28 U.S.C. § 1441 in its notice of removal. (Doc. No. 8-1 at 3.) Defendant Kaiser admits

25 to mistakenly citing the wrong statutory subsection. (Doc. No. 14 at 6.) Defendant Kaiser's citation error is not dispositive of the Court's analysis of the motion to remand.

26

27 [2]Furthermore, the Court is not adequately convinced by Defendants' argument that Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a),

28 establishes federal question jurisdiction. Cf. Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059-60 (2007).